ALBANY,
Jan. 1835.

Comfort
v.
Gillespie.

---

## Comfort *vs.* Gillespie and others.

In a proceeding by *attachment*, under the act to *abolish imprisonment*, &c. a *justice* cannot render judgment for a demand exceeding $50.

The affidavit, on which the application is made for an attachment, must state that the acts charged upon the defendant were done *with the intent to defraud creditors*, and the *facts and circumstances* relied on must be set forth *in the affidavit;* they cannot be supplied by a *verbal* statement.

Certiorari to a justice of the peace. A judgment was rendered, by a justice of the peace of Sullivan county, in favor of Gillespie and others, *administrators*, &c. of S. J. Barkley, deceased, against Comfort, for $60,$\frac{73}{100}$, besides $2,$\frac{87}{100}$ costs. By the return to the *certiorari* sued out by the defendant, it appears that the administrators made application in writing to the justice for process by attachment, and Gillespie, one of the plaintiffs, made an affidavit that the defendant was indebted to the plaintiffs in the sum of $60,$\frac{41}{100}$, over and above all discounts, and that he believed that *Comfort* was about putting his property out of his hands. The justice certified, that in addition to such affidavit, Gillespie stated *verbally,* while under examination at the time, certain circumstances which induced him to believe that comfort intended

to put his property out of his hands, to defraud his creditors, such as, &c.; that such proof being satisfactory to him, he issued an *attachment* against the goods and chattels of Comfort. He then set forth the return of the attachment, the proof of indebtedness exhibited before him, and that he rendered judgment for the sums above stated. He also returned that, at the time of the application for the attachment, a *bond*, in the penal sum of $200, was entered into by Gillespie and another person as his surety, conditioned to pay all damages, &c. to Comfort, in case, &c ; in which bond the attachment was recited to have issued *at the suit of Gillespie alone*, instead of at the suit of Gillespie and others, *administrators*, &c. of Barkley.

A. *Dimmick*, for plaintiff in error.

A. C. *Niven*, for defendant in error.

*By the Court*, NELSON, J. The attachment in this case appears to have been issued under the 34th section of the " act to abolish imprisonment for debt and to punish fraudulent debtors." *Statutes, session of* 1831, *p.* 404. And it is manifest that the justice exceeded his jurisdiction, as that act fixes *fifty dollars* as the extent of the demands for which justices may issue attachments. Besides, the *bond* was defective in not truly setting forth the suit in which the attachment issued, and the *affidavit* was wholly insufficient in omitting to state that the defendant was about to dispose of his property *with the intent to defraud his creditors*, and also in omitting to state *the facts and circumstances* upon which the applicant relied in support of his application. These omissions, it seems, were intended to be supplied by a *verbal* statement of the applicant, which the statute does not authorize.

Judgment reversed.